MADDEN (UNITED STATES v.). See Case No. 15,705.

MADDEN (WELD v.). See Case No. 17,373.

## Case No. 8,933a.
### MADDING v. PEYTON.
[Hempst. 192.] [1]

Superior Court, Territory of Arkansas. July, 1832.

WRIT—JUSTICE OF PEACE—PROOF—VARIANCE.

Where the summons of the justice of the peace describes the cause of action as a "note of hand," a "bond" or "writing obligatory" cannot be received in evidence, for it is variant from the summons.

Appeal from circuit court, Hot Springs county.

[This was an action by Absalom Madding against John Peyton for breach of contract.]

Before ESKRIDGE and CROSS, JJ.

OPINION OF THE COURT. This suit was commenced before a justice of the peace for Hot Springs county, upon the following writ: "Territory of Arkansas, County of Hot Springs, Hunter Township, United States of America, to the Constable of Hunter Township, Greeting: Summons John Peyton to appear before me, justice of the peace, on the thirty-first day of the present month, at my dwelling-house in said township, between the hours of ten in the forenoon and three o'clock in the afternoon of the said day, to answer unto Absalom Madding in an action on a note of hand. Given under my hand and seal this 23d day of August, 1831. (Signed) John Williams, J. P." (Seal.) On the 31st of August, the parties appeared, and after hearing the evidence, the justice rendered a judgment against the defendant Peyton, in favor of the plaintiff Madding, for $14.75; from which the defendant prayed an appeal. At the July term of the Hot Springs circuit court, the parties appeared by their attorneys, and neither party requiring a jury, the cause was submitted to the court. On the trial in the circuit court, the plaintiff having offered in evidence, in support of his action, the following writing obligatory, to wit: "Washington, Nov., 1831. On or before the first day of December next, I promise to pay A. Madding fourteen dollars and seventy-five cents, which may be discharged in good merchantable seed cotton, delivered in Barkman's or Collins' gin, for value received. Witness my hand and seal. (Signed) John Peyton." (Seal.) The defendant, by his counsel, moved the court to exclude the said writing obligatory from being given in evidence, which motion the court sustained, and thereupon rendered a judgment for the defendant; to which opinion the plaintiff excepted, and filed his bill of exceptions. The only question for the consideration of this court is, whether the circuit court erred in excluding the writing obligatory from being given in evidence. This will depend upon a fair construction of the statute regulating the collection of "small debts." The first section of the small debt law provides, that the summons shall set forth the true cause of action, whether founded on bond, bill, note, book account, or promise. The summons, in the case before the court, describes the cause of action to be a note. A note is the evidence of debt in writing, not under seal. The instrument of writing excluded from being given in evidence by the circuit court, is a bond, or writing obligatory,—an evidence of debt in writing under seal. The object of requiring the true cause of action to be set forth in the summons is, to apprise the defendant of the charge which he is called upon to answer, in order that he may be prepared to make his defence. The writing offered in evidence, in the circuit court, being in legal acceptation and operation totally different from that described in the summons, and constituting an altogether different ground of action, was very properly excluded from being given in evidence. This court is disposed to sustain, whenever it is possible, proceedings had before a justice of the peace, knowing the great inconvenience which would result to the country from requiring formal correctness in their proceedings. Judgment affirmed.